IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10082
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL THOMAS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CV-2361-D
- - - - - - - - - -
October 21, 1996
Before GARWOOD, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:*

Darrell Thomas, #18746-077, appeals from the district

court's denial of his motion to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255.  He argues that his sentence of

imprisonment following the forfeiture of his property constituted multiple punishments for the

same offense in violation of the Double Jeopardy Clause, that the district court erred by

sentencing him to five years' supervised release, that the district court erred by refusing to grant

*  Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

him a reduction for acceptance of responsibility, and that the court erred in its calculation of the amount of drugs attributable to him.

Thomas's sentence of imprisonment following the forfeiture of his property did not constitute multiple punishments for the same offense in violation of the Double Jeopardy Clause. See United States v. Moore, 958 F.2d 646, 650 (5th Cir. 1992). Further, Thomas has not shown that the district court committed plain error by failing to modify the sentencing court's imposition of a five-year term of supervised release. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), cert. denied, 115 S. Ct. 1266 (1995). Thomas's remaining challenges to his sentence are not cognizable under § 2255. See United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Accordingly, the judgment of the district court is AFFIRMED.